IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| RENA RAGSDALE, On Behalf of Herself and All Other Similarly Situated, | CIVIL ACTION NO.: ___9:23-cv-01132-DCN___ |
| Plaintiff, | COLLECTIVE ACTION COMPLAINT JURY REQUESTED |
| v. | |
| BEAUFORT MEMORIAL HOSPITAL, | |
| Defendant. | |

Plaintiff Rena Ragsdale, ("Plaintiff" or "Ragsdale") individually and on behalf of herself and all others similarly situated, by counsel, allege the following claims against the Defendant, Beaufort Memorial Hospital ("Defendant" or "BMH") individually pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

## **NATURE OF CLAIMS**

1.      Plaintiff is an employee of the Defendant. Defendant required Plaintiff and similarly situated employees to perform work during their uncompensated meal break. Defendant automatically deducted thirty minutes from Plaintiff's and similarly situated employees time regardless of whether they received a meal break.  This is an action for violations of the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq,*.

2.      The Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) along with other similarly situated employees.

3.      Plaintiff also bring this action for unpaid wages, treble damages, and other relief under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1367, 2201, and 2202.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

6.      The Defendant is subject to jurisdiction in the State of South Carolina.

7.      Plaintiff is over the age of eighteen (18) and is a resident of Beaufort County, South Carolina.

8.      Defendant BMH is a health care provider organized as a non-profit corporation with the South Carolina Secretary of State.

9.      The Defendant conducts activities for a business purpose, and operates with substantial competition from other hospitals, doctors' offices, emergency facilities and thus is organized for a business purpose.

10.     The Defendant is an enterprise under which "the activities performed by any person or persons in connection with the activities of a public agency shall be deemed to be activities performed for a business purpose." 29 U.S.C. § 203(r)(2)(C).

11.     The annual gross sales volume of the Defendant's business is more than $500,000.00 per year at all times material hereto.

## FACTS

12.     Defendant BMH is an acute-care hospital located at 955 Ribaut Rd Beaufort, SC. It is the largest medical facility between Savannah, Ga., and Charleston, S.C. BMH is licensed for 201 beds.

13.     Plaintiff has been employed by the Defendant since February 6, 2012, as an Imaging Service Coordinator.

14.     Plaintiff is a non-exempt employee.  She is paid an hourly wage.

15.     Plaintiff is a full-time employee.  Plaintiff usually always works at least forty (40) hours a week.

16.     Plaintiff's job duties are to support the operations of the imaging department which included monitoring the telephones, scheduling appointments, greeting patients, verifying insurance coverage, and maintaining patient records.

17.     Plaintiff also answers the phones and obtains approval from insurance companies for imaging procedures.

18.     BMH has a uniform policy whereby hourly employees are subject to an automatic 30-minute deduction in their daily time records for scheduled meal breaks, regardless of whether they receive the break.

19.     This policy applies to all non-exempt hourly employees including but not limited to medical administrative assistants, housekeepers, custodians, registered nurses, licensed practical nurses, nurses' aides, respiratory therapists.

20.     Plaintiff and similarly situated employees are often required to work through all or part of their meal break.

21.     BMH does not have adequate policy in place that allows for Plaintiff and similarly situated workers to report the time they work during their meal breaks.

22.     Plaintiff and similarly situated employees are not paid for the compensable work they perform during their meal break.

23.     Plaintiff was required to answer the phone, schedule procedures, and greet patients during her meal break.

24.     Plaintiff and similarly situated employees did not receive an uninterrupted meal break that was predominately for their benefit.

25.     Plaintiff's supervisors regularly observed her and her co-workers working through their meal breaks and made no effort to ensure that she and similarly situated employees received a full, uninterrupted 30-minute break.

26.     Plaintiff complained to her supervisors about having to work through her meal break.

27.     Plaintiff had an employment agreement with the Defendant, whereby the Defendant agreed to pay her an hourly rate for all hours worked.

28.     Plaintiff had an employment agreement with Defendant that he would be paid consistent with federal and state laws.

29.     Plaintiff as well as similarly and situated employees regularly worked "off the clock" during their unpaid meal break.

30.     In some workweeks, this caused Plaintiff and other similarly situated employees to work more than forty (40) hours without receiving overtime compensation for the hours beyond forty (40) in that week.  In other workweeks, this caused Plaintiff and similarly situated employees to perform work without receiving their hourly rate of pay for all hours worked.

31.     Plaintiff and other similar situated employees were usually not able to take a bona fide meal break, such that they could pursue private or personal pursuits such as relaxing or eating.

32.     The conditions that were placed upon Plaintiff and other similarly situated employees during their meal breaks were so restrictive that their mealtime could not be reasonably or effectively utilized for their benefit.

33.     At all times relevant to this Complaint, Plaintiff regularly worked in excess of forty (40) hours per week and the Defendant failed to compensate her at a rate of one and one-half times her regular hourly wage.

34.     Plaintiff and similarly situated employees regularly worked at least two hour and a half (2.5) hours each week, without receiving overtime compensation.

35.     Defendant willfully violated the FLSA by filing to pay Plaintiff and similarly situated hospital workers all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek.

36.     Defendant had an employment policy with Plaintiff and similarly situated hospital workers whereby they were allotted two fifteen (15) minute compensated break or rest period may be scheduled for the first half of the workday and the second half of the workday. EMPLOYEE EXPECTATIONS AND RESPONSIBILITIES

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

37.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if restated herein verbatim.

38.     Plaintiff and the members of the Plaintiff's class were employees of Defendant for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

39.     Defendant failed to pay Plaintiff and the members of the Plaintiff's class for all compensable time for which Plaintiff provided work for the benefit of Defendant.

40.     Plaintiff and the members of the Plaintiff's class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.     Plaintiff and the members of the Plaintiff's class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating their compensable time.

42.     The failure of Defendant to compensate Plaintiff for overtime work and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

43.     Plaintiff and the members of the Plaintiff's class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**FOR A SECOND CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual and Class Action)

44.     Plaintiff, on behalf of herself and all similarly situated hospital workers, realleges. and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

45.     Defendant is as defined as an employer by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

46.     Defendant employs Plaintiff and similarly situated hospital workers within the State of South Carolina.

47.     Defendant owes Plaintiff and similarly situated hospital workers wages as defined in §41-10-10(2) of the SCPWA, to compensate them for labor rendered to Defendants.

48.     Defendant regularly required Plaintiff similarly situated hospital workers to work through their uncompensated meal breaks and did not pay them for all service rendered for the benefit of Defendant.

49.    Plaintiff and similarly situated hospital workers were not paid between their normally scheduled hours and the threshold for overtime.

50.     Defendant hired and employed Plaintiff and similarly situated hospital workers at a fixed hourly wage rate. Defendant had an employment agreement with Plaintiff and similarly situated hospital workers whereby the Defendants agreed to compensate Plaintiff and similarly situated hospital workers their hourly rate of pay for all hours worked.

51.    Defendant violated their employment agreement with Plaintiff and similarly situated hospital workers by failing to pay them for all hours worked.

52.    In the last three years, Plaintiff and similarly situated hospital workers regularly worked during their uncompensated meal break and did not receive compensation from Defendant. Thus, Defendant has failed to pay Plaintiff and similarly situated hospital workers all wages due, as required by Sections 41-10-40 and -50 of the Act.

53.    Defendant's failure to pay Plaintiff and similarly situated hospital workers wages due is willful.

54.    Defendant is liable to Plaintiff and similarly situated hospital workers for the damages incurred because of Defendant's failure to pay them for their off-the-clock-work.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of herself and all others similarly situated individuals who join this action demand:

a.    Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b.    Judgment against Defendant that they violated the FLSA;

c. Judgment against Defendant that their violations of the FLSA and its implementing regulations were willful;

d. An award against Defendant in the amount the unpaid overtime compensation owed to Plaintiff and similarly situated employees;

e. An award of liquidated damages in an amount equivalent to the overtime damages, and unpaid minimum wages owed to Plaintiff and similarly situated employees;

f. Judgement against the Defendant that they South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*;

g. An award of unpaid wages in the amount of straight wages owed to Plaintiff and members of Plaintiff's class, under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*;

h. An award of treble damages against Defendant in favor of Plaintiff and members of Plaintiff's class pursuant to the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*;

i. Attorney's fees and costs; and

j. All such further relief as the Court deems just and equitable.

## **JURY DEMANDED**

Plaintiff Ragsdale on behalf of herself and all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,


/s/ Marybeth Mullaney
Marybeth Mullaney, Esq.
Fed. ID No. 11162
Mullaney Law, LLC
652 Rutledge Ave Ste A
Charleston, South Carolina 29403
(843) 588-5587 (Phone)(Facsimile)
marybeth@mullaneylaw.net

*Attorneys for Plaintiff*

March 22, 2023
Charleston, South Carolina